IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |
|---|---|
| **LINDA LYNCH,** | * |
| Plaintiff, | * |
| v. | *    Case No.: GJH-20-2111 |
| **AHC MANAGEMENT, LLC,** | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Linda Lynch, as Personal Representative of the Estate of Thomas E. Blunt ("Estate"), brings this action against Defendant AHC Management, LLC, alleging claims of negligence, survival, and wrongful death relating to a slip and fall by the Decedent, Thomas E. Blunt, at the Charter House, a senior resident apartment building managed by Defendant. ECF No. 2. Pending before the Court is Defendant's Motion to Dismiss the Amended Complaint or, in the Alternative, Motion for Summary Judgment. ECF No. 11. No hearing is necessary. Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Defendant's Motion to Dismiss is granted.

**I.    BACKGROUND**[1]

Thomas E. Blunt lived at the Charter House, a senior resident apartment building at 1316 Fenwick Lane in Silver Spring, Maryland. ECF No. 4 ¶ 2.[2] The Charter House is managed by AHC Management, LLC. *Id.* ¶ 4. On February 11, 2017, Mr. Blunt went to get his mail in the

---

[1] Unless stated otherwise, all facts are taken from Plaintiff's Amended Complaint or documents attached to and relied upon in the Amended Complaint and are accepted as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

Charter House lobby area. *Id.* ¶ 5. As he approached the elevator near the mailboxes, Mr. Blunt slipped on the tile floor and fell on his left hip in the elevator doorway. *Id.* ¶ 6. Mr. Blunt was taken to Walter Reed Hospital in Bethesda, Maryland, and two days later, on February 13, 2017, he underwent surgery to repair his broken hip. *Id.* ¶ 10–11. Due to complications after the surgery, Mr. Blunt died on March 13, 2017. *Id.* ¶ 14.

According to Plaintiff, Plaintiff's counsel initiated settlement discussions with Defendant by sending a demand letter to Defendant's counsel on July 12, 2018. ECF No. 18 at 2. Defendant's counsel responded that they needed a "formal demand package" that included medical records and a settlement demand. *Id.* at 2–3. Plaintiff's counsel sent a second letter in September 2019 that included "a summarized version of the records and bills" provided by Walter Reed Medical Center, but Defendant's counsel objected to the summarized versions. *Id.* at 3. Plaintiff's counsel then obtained the full medical records in February 2020 and provided them to Defendant's counsel. *Id.* Plaintiff states that "Plaintiff's counsel contacted Defendant's counsel in early March 2020 for further settlement discussion," but "Defendant's counsel indicated that Defendant was no longer interested in discussions[,] as the statute of limitations had expired." *Id.*

On March 31, 2020, Mr. Blunt's sister and the Personal Representative of his Estate, Linda Lynch, brought this action against AHC Management, LLC in the Circuit Court for Montgomery County, Maryland. ECF No. 1-2. Plaintiff alleged claims of negligence, asserting Defendant was aware of the dangerous condition of the floor but failed to take the necessary steps to ensure it was safe; survival, asserting Linda Lynch suffered damages for conscious pain and suffering and loss of companionship as Mr. Blunt's sister and that the Estate suffered damages due to his untimely death; and wrongful death. ECF No. 4. Defendant removed the

action to this Court on July 20, 2020. ECF No. 1. The same day, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint.[3] ECF No. 11. Plaintiff filed a response on August 10, 2020, ECF No. 18, and Defendant filed a reply on August 14, 2020, ECF No. 21.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). However, Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB–12–237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). A motion to dismiss under 12(b)(6) "test[s] the adequacy of a complaint." *Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 660 (D. Md. 2011) (citing *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008)). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In evaluating the sufficiency of the plaintiff's claims, the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court should not grant a motion to dismiss for failure to state a claim unless "it is

---

[3] Plaintiff amended the Complaint on June 29, 2020 to identify Defendant as "AHC Management, LLC" rather than "ACH Management, Inc." *See* ECF No. 1-4.

3

clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)).

Because the burden of establishing an affirmative defense rests on the defendant, "a motion to dismiss filed under [Rule] 12(b)(6) . . . generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Id.*; *see also Wright v. United States Postal Serv.*, 305 F. Supp. 2d 562, 563 (D. Md. 2004) (citing *Pantry Pride Enters., Inc. v. Glenlo Corp.*, 729 F.2d 963, 965 (4th Cir. 1984)) (statute of limitations defense is an appropriate ground for granting a motion to dismiss where the expiration of the relevant statute of limitation "is apparent from the face of the complaint").

## III.   DISCUSSION

Defendant argues Plaintiff's Amended Complaint must be dismissed because it is time barred on its face. ECF No. 11 at 2. As a federal court exercising diversity jurisdiction, this Court must apply the law of the forum state, including its choice of law rules. *See Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F. 3d 581, 599–600 (4th Cir. 2004) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938)). In tort actions, Maryland courts apply the doctrine of *lex loci delecti*, so that the substantive law of the state where the wrong occurs governs. *Erie Ins. Exch, v. Heffernan*, 399 Md. 598, 624–25 (2007) (citing *Hauch v. Connor*, 295 Md. 120, 123–24 (1983)). Because the wrong occurred in Maryland, Maryland law will apply. ECF No. 4 ¶¶ 2, 5–

15. As to matters of procedural law, Maryland law applies the law of the forum—in this case, also Maryland. *Doughty v. Prettyman*, 219 Md. 83, 88 (1959).

In Maryland, claims of survival and "negligence . . . are subject to the statute of limitations articulated in Section 5–101 of the Courts and Judicial Proceedings Article of the Maryland Code which requires that a claim must be filed within three years from the date the action accrues." *Litz v. Md. Dep't of Env't*, 434 Md. 623, 640 (2013); *see* Md. Code Ann., Cts. & Jud. Proc. § 5.101; *see also Durbin v. Haring*, No. RWT 07CV2186, 2010 WL 152001, at *1 (D. Md. Jan. 7, 2010) (finding § 5.101 applies to survival claims). Cause of actions accrue "when the claimant in fact knew or reasonably should have known of the wrong." *Poffenberger v. Risser*, 290 Md. 631, 636 (Md. 1981). Mr. Blunt fell on February 11, 2017, and he died on March 13, 2017. ECF No. 4 ¶¶ 6, 14. Thus, Plaintiff's negligence and survival claims accrued on those dates, respectively, as Plaintiff knew or should have known of the wrong on those dates, and actions should have been brought within three years. Likewise, wrongful death actions "shall be filed within three years after the death of the injured person." Md. Code Ann., Cts. & Jud. Proc. § 3.904(g). The wrongful death action therefore should have been brought within three years of March 13, 2017. However, Plaintiff did not file the Complaint until March 31, 2020. ECF No. 1-2.

Under federal tolling principles, "[p]laintiffs are entitled to equitable tolling only if they show that they have pursued their rights diligently and extraordinary circumstances prevented them from filing on time." *Raplee v. United States*, 842 F.3d 328, 333 (4th Cir. 2016) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Ott v. Maryland Dep't of Pub. Safety & Corr. Servs.*, 909 F.3d 655, 660–61 (4th Cir. 2018) ("The discretionary equitable tolling doctrine applies when (1) a defendant wrongfully prevents a plaintiff from asserting her claims, or (2)

extraordinary circumstances beyond the plaintiff's control prevent her from filing on time."). "[E]quitable tolling is reserved for 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Id.* (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

"In applying the state statute of limitations, the court must also apply state principles of tolling to that limitation period." *Shofer v. Hack Co.*, 970 F.2d 1316, 1320 (4th Cir. 1992). "The rule in Maryland concerning equitable tolling of statutes of limitations 'can be fairly termed one of strict construction.'" *Id.* (quoting *Walko Corp. v. Burger Chef Systems, Inc.*, 281 Md. 207, 210 (1977)). "[W]here the Legislature has not made an exception in express words in the Statute of Limitations, the Court cannot allow any implied and equitable exception to be engrafted upon the statute merely on the ground that such exception would be within the spirit or reason of the statute." *Walko*, 281 Md. at 211 (quoting *McMahan v. Dorchester Fertilizer Co.*, 184 Md. 155, 160 (1944)); *see also Pasco v. Protus IP Sols., Inc.*, 826 F. Supp. 2d 825, 842–43 (D. Md. 2011) ("Under Maryland law, 'statutes of limitations . . . are to be strictly construed; implied and equitable exceptions are frowned upon.'" (quoting *Miller v. Pacific Shore Funding*, 224 F. Supp. 2d 977, 986 (D. Md. 2002)); *Murphy v. Merzbacher*, 346 Md. 525, 533 (1997) (discussing Maryland's "historically strict stance on statutes of limitations").

Whether analyzed under federal or state tolling principles, Plaintiff's engagement in settlement discussions and pursuit of documentation are not valid justifications for the delay in filing. Diligent efforts alone are insufficient to warrant application of the doctrine of equitable tolling; Plaintiff must have been unable to file on time due either to Defendant's obstruction or extraordinary external circumstances. Here, nothing prevented Plaintiff from bringing suit.

Although Defendant's actions protracted the settlement process, they did not prevent Plaintiff from filing this action, as Plaintiff alleges. Additionally, to the extent Plaintiff claims, without explanation, that she required medical records and other documentation from Walter Reed Medical Center in order to file suit, *see* ECF No. 18 at 5, she obtained those documents within the limitation period, receiving the summarized versions by September 2019 and the full medical records in February 2020, *id.* at 3. Therefore, Walter Reed's delay in providing documents cannot be construed as an "circumstances external to the party's own conduct" causing a "gross injustice." *Harris*, 209 F.3d at 330; *cf.* ECF No. 18 at 5–6. Finally, while Maryland courts extended certain deadlines and tolled or suspended statutes of limitations effective March 16, 2020, due to the COVID-19 pandemic, the statute of limitations had already expired three days prior and thus was unaffected by the order.[4] Therefore, the Court finds the statute of limitations had run when Plaintiff filed the Complaint, and it will be dismissed.[5]

---

[4] COURT OF APPEALS OF MARYLAND ADMINISTRATIVE ORDER ON EMERGENCY TOLLING OR SUSPENSION OF STATUTES OF LIMITATIONS AND STATUTORY AND RULES DEADLINES (Apr. 3, 2020), https://www.mdcourts.gov/sites/default/files/admin-orders/20200403emergencytollingorsuspensionofstatutesoflimitationsetc.pdf.

[5] Having dismissed Plaintiff's Amended Complaint due to the expiration of the statute of limitation, the Court need not reach the question of whether Plaintiff has standing to assert Count III (wrongful death). However, the Court notes that Maryland's wrongful death statute only confers standing to sue on the spouse, parent, and child of the decedent or, if there are no persons who so qualify, "any person related to the deceased person by blood or marriage who was substantially dependent upon the deceased." Md. Code Ann., Cts. & Jud. Proc. § 3.904(a), § 3.904(b). Plaintiff, the decedent's sister, fails to allege that she was "substantially dependent" on the decedent such that she has standing. Indeed, in her Opposition to Defendant's Motion to Dismiss, Plaintiff asserts that she provided "filial care" to the decedent, suggesting that he was dependent on her, rather than the other way around. ECF No. 18 at 7; *cf. Spangler v. McQuitty*, 449 Md. 33, 53 (2016) ("The wrongful death statute allows the decedent's beneficiaries or relatives to recover damages for loss of support or other benefits that would have been provided."); *Eagan v. Calhoun*, 347 Md. 72, 82 (1997) (a wrongful death action allows "a spouse, parent, or child, or a secondary beneficiary who was wholly dependent on the decedent, to recover damages for his or her own loss accruing from the decedent's death."). Additionally, Plaintiff's status as personal representative of the decedent's estate does not confer standing. *Cf.* ECF No. 18 at 7. Thus, the Court further finds that, even had the claim not been time barred, Plaintiff would not have sufficiently alleged standing to bring the wrongful death claim.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss will be granted. A separate Order follows.

Dated: December 14, 2020                             /s/
                                                                    GEORGE J. HAZEL
                                                                    United States District Judge